# UNITED STATES DISTRICT COURT
## FOR DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL ARBITRAGE, INC., d/b/a "CLOUDBEDS,"<br><br>Defendant. | Case No. 1:23-cv-11856 |

## CONSENT DECREE

This action was filed on August 14, 2023, by Plaintiff United States Equal Employment Opportunity Commission (the "EEOC" or "Commission"), an agency of the United States Government, to correct employment practices made unlawful by the Americans with Disabilities Act, as amended ("ADA"), and to provide appropriate relief to the individual harmed by such practices. Specifically, the EEOC alleged that Defendant Digital Arbitrage, Inc., d/b/a Cloudbeds ("Cloudbeds") as an employer, discriminated against Peter St. John ("St. John") when it failed to provide him with a reasonable accommodation and when it denied him an employment opportunity based on his disability and/or based on the need for accommodation.

Cloudbeds does not admit any of the allegations in the EEOC's Complaint and denies that it violated the ADA in any way.

The EEOC and Cloudbeds (collectively, the "Parties") desire to resolve this matter without the expense, delay, and burden of further litigation. The Parties therefore do hereby stipulate and consent to the entry of this Consent Decree ("Decree") between the EEOC and Cloudbeds, as well as Cloudbeds' officers, directors, agents, successors, assigns, full or partial purchasers, subsidiaries, affiliates, and any other corporation, unit or entity with which Cloudbeds may merge

or consolidate during the Consent Decree period.

In consideration for the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

## A. GENERAL PROVISIONS

1. This Decree is final and binding between the Parties and resolves the claims alleged in the EEOC's Complaint in this case which arose from EEOC Charge No. 488-2022-00430. This Decree in no way affects the EEOC's right to process any pending or future charges that may have been or will be filed against Cloudbeds, or to commence civil actions on any such charges.

2. The Parties agree and the Court finds that this Court has jurisdiction over the subject matter of this action and the Parties, that venue is proper, and that all administrative prerequisites have been met.

3. This Decree conforms to the Federal Rules of Civil Procedure and to the ADA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA. The Parties agree, and the Court finds, that the terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Charging Party and the public interest are adequately protected by this Decree.

4. The Court will retain jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments and decrees as necessary to implement the relief provided herein for the duration of this Decree.

5. No party shall contest the Court's jurisdiction to enforce this Decree and its terms or the right of the EEOC to bring an enforcement suit upon breach of any term of this Decree in

any federal court with jurisdiction.  Breach of any term of this Decree shall be deemed to be a material, substantive breach of this Decree.  The Court will retain jurisdiction over any such enforcement proceedings during the duration of the Decree.  Nothing in this Decree will be construed to preclude the EEOC from bringing proceedings to enforce this Decree in the event that Cloudbeds fails to perform any of the promises or representations herein.  This Decree will be construed by this Court under applicable federal law.

6.  By mutual consent of the Parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  Except as provided in Section K, ¶ 34, no waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved in writing by all Parties to this Decree, and approved or ordered by the Court.

7.  If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the Parties. The provisions of this Decree that are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the Parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

8.  The terms of this Decree represent the full and complete agreement of the Parties.

**B.  DEFINITIONS**

9.  "Cloudbeds" means Defendant Digital Arbitrage, Inc., d/b/a Cloudbeds, its officers, managers, agents, successors, and subsidiaries.

10. "The Commission" or the "EEOC" is the U.S. Equal Employment Opportunity Commission, an agency of the United States Government charged with the administration, interpretation, and enforcement of the ADA.

11. "Day" or "days" means calendar days and includes weekends and holidays.

12. "Effective Date" means the date this Decree is executed and entered by the Court.

## C. INJUNCTIVE RELIEF: COMPLIANCE WITH THE ADA IN THE REASONABLE ACCOMMODATION AND HIRING PROCESSES

13. Cloudbeds is enjoined from: (a) failing to provide reasonable accommodations to qualified employees and applicants with hearing-related disabilities, absent undue hardship or otherwise provided for under the ADA; (b) failing to engage in the interactive process with qualified applicants with hearing-related disabilities to explore possible reasonable accommodations for such applicants; and (c) refusing to hire qualified individuals with hearing-related disabilities on the basis of their disability in violation of the ADA.

## D. INJUNCTIVE RELIEF: EQUAL EMPLOYMENT OPPORTUNITY

14. **Recruiting and Employment Application Access**

    a. **Job postings.** Starting forty-five (45) days of the Effective Date, Respondent shall post any vacant positions in the Finance Department at Cloudbeds, the department to which Charging Party applied to work in as IT Administrator, on the Co-op/Job Postings Board for the National Technical Institute for the Deaf (NTID) at Rochester Institute of Technology (RIT).  Cloudbeds shall continue to post positions that become vacant in the Finance Department during the duration of this Decree on the NTID Co-op/Job Posting Board for the duration of the Decree.

4

b. **Notice to Applicants.** Cloudbeds shall include the following statement on all physical and electronic recruiting materials, job announcements or any page listing a position opening, and applications for employment:

"*Cloudbeds is committed to the full inclusion of all qualified individuals. As part of this commitment, Cloudbeds will ensure that persons with disabilities are provided reasonable accommodations in the hiring process. We encourage individuals with disabilities, including those who are deaf, hard of hearing, deafblind, and deaf-disabled individuals to apply. If a reasonable accommodation is needed to participate in the job application or interview process or to perform essential job functions, please contact our HR team by phone at 858-201-7832 or via email at accommodations@cloudbeds.com. Cloudbeds will provide an American Sign Language (ASL) interpreter where needed as a reasonable accommodation for the hiring processes.*"

The above notice shall be in the same font and size as all other text.  For all electronic applications, Cloudbeds shall further include a link to the accommodations email address.

15. **ASL Interpreter Services.** Within forty-five (45) days of the Effective Date, Respondent shall retain one or more vendors who can provide certified professional American Sign Language ("ASL") interpreter(s) when needed to provide reasonable accommodations for applicants or employees or to create job posting descriptive videos.  Any vendor agreement shall identify a designated email address for Cloudbeds' use.

**E.  NOTICE AND POSTINGS**

16. **Posting**.  Within seven (7) days after the Effective Date of this Decree, Cloudbeds shall post on its Guru site and on its "Careers" page of its website, in a location accessible to applicants (a) the revised version of the EEOC's "Know Your Rights: Workplace Discrimination is Illegal Poster" dated June 27, 2023; and (b) the ASL videos on the EEOC YouTube page entitled "About Us – ASL" and "EEOC Resource Explains ADA Requirements for Workers with Hearing Disabilities."

17. **Notice**. Within seven (7) days after the Effective Date of this Decree, Cloudbeds shall post at its San Diego facility and on its Guru site the Notice of Lawsuit and Settlement ("Notice") attached as **Exhibit A** to this Decree.  The Notice shall remain posted for the duration of this Decree.  Cloudbeds shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted, including identifying the locations where the Notices have been posted.

## F.  ANTI-DISCRIMINATION POLICIES AND PROCEDURES

18. **Policy Revisions**. Within forty-five (45) days of the Effective Date, Cloudbeds shall, analyze and (if necessary) revise its policies and procedures regarding reasonable accommodations for disabilities and disability discrimination to meet the following minimum criteria:

   a. **Reasonable Accommodations Policy**. Within forty-five (45) days of the Effective Date, Cloudbeds shall require that, before denying any request for an accommodation, a member of Cloudbeds' Human Resources team must review the applicant or employee's request for an accommodation and must: (a) consult outside resources such as the Job Accommodation Network (https://askjan.org), or the EEOC's Guidance on Hearing disabilities in the Workplace and the Americans with Disabilities Act (https://www.eeoc.gov/laws/guidance/hearing-disabilities-workplace-and-americans-disabilities-act), or the EEOC's Guidance on Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act (www.eeoc.gov/policy/docs/accommodation.html); or (b) consult the member of the HR team who has completed the additional certification program or coursework in assistive technology as required by ¶ 27 below, to assist in

identifying potential reasonable accommodations.  In addition, Cloudbeds shall require that, before denying any request for an accommodation, a member of Cloudbeds' Human Resources team must review the applicant or employee's request for an accommodation and must (c) engage the applicant or employee who has submitted the request in an interactive process to ensure full understanding of the request and any requested suggested accommodations and to request or obtain additional information needed to assess the availability or feasibility of other accommodations, and these interactions must be documented.

b. **Written Reasonable Accommodations Policy.**  Within forty-five (45) days of the Effective Date, Cloudbeds shall analyze and (if necessary) modify the Americans with Disabilities Act Section of its Employee Handbook to include the following minimum criteria:

   i. Provide a definition of disability under the ADA, and give examples of ADA disabilities, including at least one disability involving a hearing-related condition;

   ii. State that when an applicant requests accommodation for a disability during the hiring process, Respondent, through the Cloudbeds HR team, will promptly engage in an interactive dialogue with the applicant as soon as practicable;

   iii. State that the reasonable accommodation process will not hinder an applicant's standing in the hiring process or impede the ability to progress through the hiring process in a timely manner;

   iv. State that Cloudbeds will engage in the interactive process if an applicant or an employee requests an accommodation or reasonably expresses a need for assistance;

   v. State that, as part of the interactive process, Cloudbeds will engage with the individual to determine what accommodations are needed and can be

7

reasonably provided, including by identifying potential reasonable accommodations;

    vi.  Provide contact information, including a phone number and the designated accommodations@cloudbeds.com email address, for the employee to use for purposes of submitting a request for an accommodation and requesting information.

  c.  **Reporting Discrimination.** Within forty-five (45) days of the Effective Date, Cloudbeds shall analyze and (if necessary) modify the "Reporting Discrimination, Harassment, and/or Retaliation" Section, to meet the following minimum criteria:

    i.  Include a statement making clear that complainants may identify themselves or may submit reports of disability discrimination anonymously; and,

    ii.  Provide that managers have a duty to report all observations or complaints of alleged disability discrimination, harassment, or retaliation to Human Resources.

19. <u>**Dissemination of Revised Policies to Employees.**</u> Within sixty (60) days of the Effective Date, Cloudbeds shall electronically distribute to its employees and post on Guru, all new and/or revised policies developed pursuant to this Decree to all employees. Cloudbeds shall furthermore make policies developed or revised pursuant to this Decree available in any manager and/or employee handbook governing employees covered by the ADA it maintains and shall provide newly hired employees a copy of these policies within fifteen (15) business days of hire.

20. <u>**Record Keeping.**</u> Within forty-five (45) days of the Effective Date, and for the duration of the Consent Decree period, Cloudbeds shall create a tracking system for (a) requests for accommodation by deaf or hard of hearing applicants or employees; (b) complaints of disability discrimination (including failure to accommodate) made by deaf or hard of

hearing applicants or employees; and (c) steps taken with respect to these requests or complaints.

    a.  For each request for accommodations, Cloudbeds shall document, at a minimum, the following:

        i.  The name and job title, for each employee or applicant requesting an accommodation:

        ii.  The date of the request for an accommodation;

        iii.  The nature of the accommodation requested;

        iv.  If not received through the designated email for reporting, the name and job title of the supervisor or manager who first received the request;

        v.  The name and job title of all persons involved in assessing the request; and,

        vi.  A description of Cloudbeds' conclusions regarding the request, including the outcome and what accommodations, if any, were approved.

    b.  For any complaint or report (whether formal or informal, verbal or written) of failure to accommodate a deaf or hard of hearing applicant's disability in the hiring process or a deaf or hard of hearing employee's disability, Cloudbeds shall track the following:

        i.  With the exception of complaints submitted anonymously, the name and, job title, of each complainant;

        ii.  The date of the complaint or report;

        iii.  The date(s) on which the incident(s) allegedly occurred;

        iv.  The specific complaint details;

        v.  The name, job title, and employee number (if applicable) of each person allegedly involved in the disability discrimination and of each potential witness;

vi.   A summary of any interviews with the complainant and others alleged to be involved in the complaint or report;

vii.  A description of actions taken by Cloudbeds' in response to the complaint or report; and

viii. A description of any corrective action taken in response to the complaint or report.

## G. ANNUAL EXECUTIVE MESSAGE

21. Within sixty (60) days of the Effective Date, and annually thereafter, Cloudbeds' then owner or Chief Executive Officer (CEO)/President shall electronically distribute to its employees and post on Guru a video message containing a statement of the company's commitment to the full inclusion of all qualified individuals in the workforce and its commitment to ensuring that people who are deaf and hard of hearing are provided reasonable accommodations at Cloudbeds, and encouraging the reporting of any violations of the company's Equal Employment Opportunity policies.  The video message shall include a real-time simultaneous ASL translation of the executive message.  Nothing in this paragraph is meant to limit what is addressed in the annual statement, but only to identify a minimum message.

## H. TRAINING

22. **One-Time Inclusion Training for Human Resources.** Cloudbeds shall require its human resources personnel to complete the self-guided online course "Working Together: Deaf & Hearing People," offered through the Co-Op and Career Center of National Technical Institute  for the Deaf (NTID) at Rochester Institute of Technology, available at https://deaftec.org/blog/2018/03/21/working-together-online-course-is-live/, within ninety (90) days of the Effective Date.  Cloudbeds shall require any individual assuming a human

resources position thereafter to complete the self-guided online course "Working Together: Deaf & Hearing People," within ten (10) days of assuming a human resource position.

23. **Annual Training**: Within sixty (60) days of the Effective Date, and annually thereafter, Cloudbeds shall provide one and one half (1.5) hours of interactive training (a combination of live, in-person or via eLearning/video/virtual platform) (a)  for all active human resources personnel and (b) active personnel with managerial, supervisory, or hiring responsibilities over one or more "employees" of Cloudbeds, as defined by 42 U.S.C. § 1211(4).  This training will include an interactive component allowing employees to ask questions about the training material.  If an individual is unable to attend the training described above for any reason, Cloudbeds will require that employee to attend a recorded version of the training.  This training will be conducted on an annual basis (for a total of at least three (3) times over the duration of this Decree). The training program will address the requirements of the ADA including at a minimum:

   a.  a statement that disability discrimination is against the law;

   b.  a statement that the ADA protects both applicants and current employees;

   c.  a definition of disability under the ADA, with examples of disabilities, including at least one hearing-related condition;

   d.  an explanation of the stereotypes that applicants who are deaf or hard of hearing may face in the hiring process, including the stereotypical assumption that a deaf or hard of hearing employee will have difficulty communicating in a fast-paced or remote-first environment;

   e.  an explanation that stereotyping persons who are deaf or hard of hearing concerning their ability to perform essential functions of a job violates the ADA;

f.   a statement that the ADA also protects applicants and employees who have a record of disability or a perceived disability;

g.   an explanation of Cloudbeds' Equal Employment Opportunity and Reasonable Accommodation policies, as revised (if necessary) pursuant to this Decree in Section F, ¶ 18;

h.   an explanation of the steps employees who have supervisor or managerial responsibilities must take if they receive a request for reasonable accommodation, including a request from an applicant;

i.   at least five realistic hypotheticals based on Cloudbeds' workforce, of an applicant with a disability, the ways in which an applicant might request an accommodation, and possible accommodations for that disability;

j.   at least four examples of accommodations that Courts have deemed to be reasonable for employers to make for deaf employees and/or applicants;

k.   a discussion of technologies available to assist applicants or employees who are deaf and hard of hearing;

l.   at least three examples of technologies available that deaf or hard of hearing individuals may use to communicate, including video relay services, and an explanation of the equipment and cost associated with each;

m.   a discussion of best practices in interviewing individuals who are deaf or hard of hearing, including when using video remote ASL interpreting;

n.   explain the interactive process and Cloudbeds' legal obligation to engage in the interactive process in connection with the ADA, and to do so in a timely manner, so as to not disadvantage applicants with disabilities;

o. a detailed explanation of steps to take in order to schedule an ASL interpreter, including by providing a designated email address for submitting ASL interpreter services requests to the vendor(s) that Cloudbeds engages to provide such services, as described Section D, ¶ 15;

p. provide the link to and overview of the EEOC's Guidance on Hearing Disabilities in the Workplace and the Americans with Disabilities Act, as issued on January 24, 2023, available online at https://www.eeoc.gov/laws/guidance/hearing-disabilities-workplace-and-americans-disabilities-act, and the EEOC's Guidance on Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act, as issued October 17, 2002, available online at www.eeoc.gov/policy/docs/accommodation.html and,

q. An explanation of Cloudbeds' policy and procedures for requesting a reasonable accommodation and for reporting any complaints of discrimination.

24. Cloudbeds shall provide a recording of the above-described training to personnel within ten (10) days of the individual assuming a (a) human resources position and (b) personnel position with managerial, supervisory, or hiring responsibilities over one or more "employees" of Cloudbeds, as defined by 42 U.S.C. § 1211(4).

25. **SME Requirement.** The Annual Training will be developed and delivered by the consultant or other experienced, independent third-party professionals with subject matter expertise in the ADA. Within thirty (30) days of the Effective Date, Cloudbeds shall submit the name, address, telephone number, and resume and training proposal of each proposed trainer (including copies of all materials the trainer propose to display, distribute, or otherwise present). The EEOC shall have seven (7) days from the date it receives the

information described above to agree to or reject each proposed trainer and/or the content the trainer proposes to present. In the event the EEOC does not agree to Cloudbeds proposed trainer(s) and/or content, Cloudbeds shall have twenty-one (21) days to identify alternate trainer(s) and/or revise the content the trainer(s) proposes to present. The EEOC shall then have five (5) days from the date it receives the information described above to agree to or reject the alternate trainer(s) and/or content. If the parties cannot agree on each trainer or training content through this process, they may seek the Court's assistance.

26. **Training Certifications.** Cloudbeds will maintain attendance records identifying in legible form the name and job title of the attendees at each session, as well as copies of all training materials presented.  Within fifteen (15) days after completion of each annual training session conducted pursuant to ¶ 23, Cloudbeds will certify to the Commission in writing that the training was conducted, the date upon which the training took place, the time the training session started and ended, and the SME who conducted the training; and, Cloudbeds will provide a list of all individuals who attended the training, including each individual's full name and job title, and will provide a copy of all materials used to conduct the training.

27. **Human Resource Assistive Technology Training.** Within one hundred and eighty (180) days of the Effective Date, Cloudbeds shall have a member of its Human Resources team complete a selected certification program, or selected coursework offered by an established university or industry association, in adaptive or assistive technology that may be used to provide reasonable accommodations to deaf, hard of hearing, deafblind, or deaf-disabled applicants or employees. Cloudbeds shall certify to the Commission in writing within the same 180 days of the Effective Date, that the HR employee has completed the selected

certification program or coursework. Within forty-five (45) days of the Effective Date, Cloudbeds shall identify the selected certification program or coursework it intends to have its HR employee complete, and the name of the HR employee identified by Cloudbeds to complete the selected certification program or coursework.  The EEOC shall have seven (7) days from the date it receives the information described above to agree to the proposed certification program or coursework and shall not unreasonably withhold agreement. If the parties cannot agree on the proposed certification program or coursework, they may seek the Court's assistance.

## I.   MONETARY RELIEF

28. Within thirty (30) days of the latter of (1) the Effective Date or (2) Cloudbeds receipt of a complete and accurate form W-9 from St. John, Cloudbeds shall pay relief to Peter St. John in the amount of $150,000.00 representing damages, from which no taxes will be withheld. Cloudbeds will issue to St. John an IRS Form 1099 for the 2023 tax year related to this payment.

29. The payment shall be made by check and shall be received by St. John via hand-delivery, overnight, signature required delivery, or certified mail (proof of delivery requested).  The EEOC will provide Cloudbeds with the address to which such payment should be directed no later than three (3) days after the Effective Date.  A photocopy of the check, related tax documents and any related correspondence sent to St. John shall be sent to the EEOC via email to anastasia.doherty@eeoc.gov and consentdecreemonitor@eeoc.gov and by Regular U.S. mail to Consent Decree Monitor, U.S. EEOC, 33 Whitehall Street, 5th Floor, New York, NY 10004 on the same day the documents are sent to St. John.

30. The EEOC may be required to report the fact of this settlement to the Internal Revenue

Service under Section 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide Defendant with a copy of the 1098-F form that it will provide to the IRS. For purposes of issuing the 1098-F form:

**The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:**

    **Name**: Kevin Bee

    **Physical Address**:

    303 5th Ave. Suite 100

    San Diego, CA, 92103

The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the 1098-F form does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## J.   MONITORING AND REPORTING

31. The EEOC may review compliance with the provisions of this Decree.

32. As part of such review, the EEOC may interview Cloudbeds' employees and examine and copy documents reasonably related to establishing whether Cloudbeds has failed to accommodate deaf or hard of hearing applicants or employees. Cloudbeds will make employees available to the EEOC for interviews with at least 14 days' notice at a

16

reasonable time and for a reasonable length of time and shall permit non-management employees to speak confidentially with the EEOC for the purposes of verifying compliance with this Decree.

33. At the conclusion of each one-year period for the duration of this Decree (the first occurring one year following the Effective Date), Cloudbeds shall submit to the EEOC an Annual Report signed by a corporate officer under the penalty of perjury set forth in 28 U.S.C. § 1746. However, the final Annual Report, which would otherwise be due on the third-year anniversary of the Effective Date, will be due 120 days prior to the third anniversary of the Effective Date. The Annual Report shall certify compliance with this Decree, and shall contain:

    a. A certification of compliance with the Notice and Posting requirements described in Section E;

    b. A current copy of Cloudbeds' policies and documentation as described in Section F, and a certification to the Commission in writing that the revised policies and documentations described in Section F have been electronically distributed and posted as described in Section F, ¶ 19, which shall name the method of electronic distribution used;

    c. A copy of any Annual Executive Message video recording issued during the reporting period, and a certification to the Commission in writing that the Annual Executive Message has been electronically distributed and posted as described in ¶ 21, which shall name the method of electronic distribution used;

    d. A copy of each certificate demonstrating the completion of the Inclusion Trainings required by Section H, ¶ 22;

e. A certification to the Commission in writing that Cloudbeds provided a recording of the Annual Training to individuals as required by Section H, ¶ 24, which shall include the date the recorded Annual Training was provided to the individual, the date the Annual Training was recorded, the name and job title of the individual to whom the recording was provided, and confirmation that the recording has been viewed by the individual; and

f. A summary of all requests for accommodation and complaints or reports of disability discrimination and/or failure to accommodate received by Cloudbeds' deaf or hard of hearing applicants or employees in the prior year (if any), containing a summary of the information Cloudbeds is required to document pursuant to the "Record Keeping" provision, ¶ 20.

## K. NOTICE

34. Except as otherwise provided for in this Decree, all notifications, reports, and communications to the Parties required under this Decree will be made in writing and will be sufficient as emailed (or, with advance written permission, mailed) to the following persons (or their designated successors):

For EEOC:      Consent Decree Monitor
               EEOC Legal Unit
               33 Whitehall Street, 5th Floor
               New York, NY 10004
               Decreemonitor.nydo@eeoc.gov

               and

               Anastasia Doherty
               Trial Attorney
               U.S. EEOC
               New York District Office
               33 Whitehall Street, 5th Floor
               New York, NY 10004
               anastasia.doherty@eeoc.gov

For Cloudbeds:        legal@cloudbeds.com

Notwithstanding this paragraph, either Party may change such addresses or identify a different designee by written notice to the other Party setting forth a new address for this purpose or identifying a different designee without Order of the Court or approval of the other Party.

## L.  DISPUTE RESOLUTION

35. In the event that the EEOC believes that Cloudbeds has failed to comply with any provision(s) of the Decree, the EEOC will notify Cloudbeds and it must make a good faith attempt to cure any breach of the Decree within thirty (30) days of notification.

36. Following the thirty (30) days to cure period, if the EEOC still believes that Cloudbeds has failed to comply with the provision(s) of the Decree identified, the EEOC shall have the right to seek Court intervention.

37. A default of St. Johns' receipt of payment, as described in Section I ¶ 28 above, is not subject to this paragraph and is automatic if payment is not timely made.

## M.  COSTS

38. Each Party to this Decree shall bear its own attorneys' fees and costs associated with this litigation.

## N.  NOTIFICATION OF SUCCESSORS

39. Cloudbeds shall provide prior written notice to any potential purchaser of either of its business, or a purchaser of all or a portion of Defendants' assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of this Decree.  Cloudbeds will provide written notice to the EEOC

seven (7) days after any transfer of its respective business.

## O. EXECUTION

40. Each signatory to this Decree represents that he or she is fully authorized to execute this Decree and to bind the parties on whose behalf he or she signs.  By signing this Decree, each party acknowledges that it has read and understands the terms of this Decree and agrees to be bound by the terms of this Decree.

41. Cloudbeds will not attempt to condition the receipt of individual relief upon an individual's agreement to: (a) maintain as confidential the terms of this Consent Decree; (b) waive his statutory right to file a charge with any federal or state anti-discrimination agency; or (c) enter a general release involving claims which were not alleged in the EEOC's Complaint in this case which arose from EEOC Charges No. 488-2022-00430.

## P. DURATION OF DECREE

42. The duration of the Decree shall be in effect for a period of three (3) years immediately following the Effective Date.

43. If the EEOC has notified Cloudbeds in writing not less than thirty (30) days before the expiration of this Decree that Cloudbeds is not in compliance with any of the terms of this Decree pursuant to Section L above, this Court, at its discretion, may order that the Decree be extended with respect to those particular provisions.

44. The Court retains jurisdiction over this action during the duration of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.  The matter may be administratively closed but will not be dismissed during the duration of this Decree.

**SO ORDERED, ADJUDGED, AND DECREED**

Dated: __11-29-2023__

The Honorable Richard G. Stearns
U.S. District Court Judge

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

11/13/23
_____
Date

_____
JEFFREY BURSTEIN
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3770
jeffrey.burstein@eeoc.gov
(929) 506-5345


**FOR DEFENDANT DIGITAL ARBITRAGE, INC D/B/A CLOUDBEDS**

11/9/23
_____
Date

_____
ADAM HARRIS
Digital Arbitrage, Inc.
3033 5th Ave. Suite 100
San Diego, CA  92103


**COUNSEL FOR DEFENDANT DIGITAL ARBITRAGE, INC D/B/A CLOUDBEDS**
**(as to form only)**

11/9/23
_____
Date

_____
CHRISTOPHER J. DEGROFF
cdegroff@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone:  (312) 460-5982
Facsimile:  (312) 460-7000

Doc ID: bee08723119c45cf3bfe23b8f67ac5bc04902dc8

**Dropbox Sign**                                                   Audit trail

| | |
|---|---|
| **Title** | EEOC Consent Decree Signature |
| **File name** | EEOC-Cloudbeds FI...EEOC returned.pdf |
| **Document ID** | bee08723119c45cf3bfe23b8f67ac5bc04902dc8 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | • Signed |

## Document History

| | | |
|---|---|---|
| **SENT** | **11 / 09 / 2023** <br> 12:57:07 UTC-8 | Sent for signature to Adam Harris <br> (adam.harris@cloudbeds.com) from woojin.shim@cloudbeds.com <br> IP: 70.95.194.78 |
| **VIEWED** | **11 / 09 / 2023** <br> 13:04:37 UTC-8 | Viewed by Adam Harris (adam.harris@cloudbeds.com) <br> IP: 45.130.83.105 |
| **SIGNED** | **11 / 09 / 2023** <br> 13:05:03 UTC-8 | Signed by Adam Harris (adam.harris@cloudbeds.com) <br> IP: 45.130.83.105 |
| **COMPLETED** | **11 / 09 / 2023** <br> 13:05:03 UTC-8 | The document has been completed. |

Powered by **Dropbox Sign**

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (929) 506-5270
General FAX: (212) 336-3625

## NOTICE OF LAWSUIT AND SETTLEMENT

The U.S. Equal Employment Opportunity Commission ("EEOC") is a federal agency that enforces laws against discrimination in the workplace. This Notice is being posted as part of a Consent Decree resolving a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against Digital Arbitrage, Inc, d/b/a Cloudbeds ("Cloudbeds") in the United States District Court for the District of Massachusetts (Civil Action No. 1:23-cv-11856).

Under federal law, your employer cannot discriminate against you because of your disability, because you have a record of a disability, or because they believe you have a disability. A disability is a physical or mental condition that substantially limits a major life activity (such as walking, talking, seeing, hearing, concentrating, learning, or the operation of a major bodily function). A few examples of disabilities are:

- Epilepsy
- HIV
- Cancer
- Missing Limbs

- Gestational Diabetes
- Cerebral Palsy
- Bipolar Disorder
- Autism

- Deafness
- Blindness
- Multiple Sclerosis

- Major Depressive Disorder
- Post-Traumatic Stress Disorder

An employer can't discriminate against you because of your disability, including in hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, and any other term or condition of employment. This includes "temporary" employees who may be employed by a staffing agency.

Employers must also provide reasonable accommodations to disabled job applicants or employees who ask for one. A reasonable accommodation is any change in the work environment (or in the way things are usually done) to help a person with a disability apply for a job, or perform the duties of a job, such as making the workplace wheelchair-accessible, providing an interpreter for a deaf individual, modifying an employee's schedule or transferring them to another open position for which they are qualified.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY  10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (929) 506-5270
General FAX: (212) 336-3625

Cloudbeds will comply with the Americans with Disabilities Act  If you need an accommodation, contact 858-201-7832 or via email at accommodations@cloudbeds.com. If you have been discriminated against because of your disability or if you were refused an accommodation for your disability, report it to Human Resources by emailing people.operations@cloudbeds.com or report it to any member of management. Employees who seek accommodations or make complaints of discrimination are protected from retaliation by law.  You can also make a complaint of discrimination, harassment, or retaliation directly to the EEOC.  To do so, or if you have questions about this posting, contact the EEOC at:

U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Phone: 1-800-669-4000
TTY (for hearing impaired): 1-800-669-6820 | ASL Video Phone (for hearing impaired): 1-844-234-5122
Website: http://www.eeoc.gov



**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

**This notice must remain posted for three (3) years from date shown above, and most not be altered, defaced, or covered by any other material. Any question concerning this Notice or compliance with its provision may be directed to the U.S. Equal Employment Opportunity Commission at the number listed above.**